**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **ALBA QUINTANA, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF THE ESTATE** | § | |
| **OF TOMMY LOPEZ BERNAL JR.,** | § | |
| **DECEASED AND AL. B. AND AA. B.,** | § | |
| **MINOR CHILDREN,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **NO. 7:24-cv-00058-DC-RCG** |
| | § | |
| **THE CITY OF MIDLAND, TEXAS, AND** | § | |
| **XZAVIER MARTINEZ,** | § | |
| **Defendants.** | § | |

**DEFENDANT XZAVIER MARTINEZ' ANSWER TO PLAINTIFFS'**
**FIRST AMENDED COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Xzavier Martinez and files this, his Answer[1] to Plaintiffs' First Amended Complaint and in support would show the Court as follows:

**I.**
**ANSWER**

1.    Martinez is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.  Until Quintana meets her burden to establish Quintana was the common law spouse of Bernal and the minor children are Bernal's children, Martinez denies the same.

2.    Martinez is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

3.    Martinez is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

---

[1] Martinez files this answer subject to his motion to dismiss.

4.      Martinez admits the allegations in this paragraph.

5.      Martinez admits that the City of Midland is a municipal corporation operating according to the Constitution and laws of the State of Texas and the Midland Police Department is one of its departments.  Martinez admits the City has appeared in this case.  Martinez denies the remainder of the allegations in this paragraph.

6.      Martinez denies the allegations in this paragraph.

7.      Martinez denies the allegations in this paragraph.

8.      Martinez admits this Court has jurisdiction over claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as those pursuant to the Second, Fourth and Fourteenth Amendments of the United States Constitution and those by and through 42 U.S.C. § 1983, but denies the remainder of the allegations in this paragraph.

9.      Martinez admits venue is proper in the United States District Court for the Western District of Texas, Midland-Odessa Division, in and for Midland County, Texas.

10.      Martinez admits he was acting in his official capacities as an officer for the Midland Police Department at the time of the incident in question.  Martinez denies the remainder of the allegations in this paragraph.

11.      Martinez admits he was dispatched to a residence where Bernal was located on or about September 2, 2022, as a result of a 911 call by Plaintiff Quintana.  Martinez admits Bernal held a firearm in each hand.  Martinez denies the remainder of the allegations in this paragraph.

12.      Martinez is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

13.      Martinez denies the allegations in this paragraph.

14.      Martinez denies the allegations in this paragraph.

15.     Martinez denies the allegations in this paragraph.

16.     The allegations in this paragraph are not a short plain statement of the claim showing that the pleader is entitled to relief or a demand for the relief sought, therefore no response is required.  To the extent a response is required, Martinez denies the same.

17.     Martinez admits he is a person.  Martinez denies the remainder of the allegations in this paragraph.

18.     Martinez admits he was acting in his capacity as a police officer for the Midland Police Department.  Martinez denies the remainder of the allegations in this paragraph.

19.     Martinez denies the allegations in this paragraph.

20.     The allegations in this paragraph are not a short plain statement of the claim showing that the pleader is entitled to relief or a demand for the relief sought, therefore no response is required.  To the extent a response is required, Martinez denies the same.

21.     Martinez denies the allegations in this paragraph.

22.     Martinez denies the allegations in this paragraph.

23.     The allegations in this paragraph are not a short plain statement of the claim showing that the pleader is entitled to relief or a demand for the relief sought, therefore no response is required.  To the extent a response is required, Martinez denies the same.

24.     Martinez denies the allegations in this paragraph.

25.     Martinez denies the allegations in this paragraph.

26.     Martinez denies the allegations in this paragraph.

27.     Martinez denies the allegations in this paragraph.

28.     Martinez denies the allegations in this paragraph.

29.     Martinez denies the allegations in this paragraph.

30.     Martinez denies the allegations in this paragraph.

31.     Martinez denies the allegations in this paragraph.

32.     Martinez denies Plaintiffs are entitled to any damages requested in this paragraph.

33.     Martinez denies the allegations in this paragraph.

34.     Martinez denies the allegations in this paragraph.

35.     Martinez denies the allegations in this paragraph.

36.     Martinez admits Plaintiffs have demanded a jury trial.

37.     Martinez denies the allegations in this paragraph.

38.     Martinez denies Plaintiffs are entitled to any relief requested in their Prayer.

39.     Martinez denies all allegations that are not specifically admitted herein.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

40.     Officer Martinez hereby invokes his qualified immunity and requests Plaintiffs be ordered to respond to demonstrate why Officer Martinez is not entitled to qualified immunity.

41.     Pleading further, if such be necessary and in the alternative, Officer Martinez invokes the privileges and immunities he enjoys as a government official/employee, including but not limited to sovereign immunity, governmental immunity, official immunity, good-faith immunity, and qualified immunity, both directly and derivatively.

42.     Pleading further, if such be necessary and in the alternative, Plaintiffs fail to state a claim for which relief can be granted.

43.     Pleading further, if such be necessary and in the alternative, Plaintiffs cannot recover for any state law claim because they cannot show a waiver under the Texas Tort Claims Act.  TEX. CIV. PRAC. REM. CODE Ch. 101.

44.     Pleading further, if such be necessary and in the alternative, Plaintiffs failed to mitigate their damages.

45.     Pleading further, if such be necessary and in the alternative, Plaintiffs' recovery is barred by Texas Rule of Civil Procedure 93.001(a).

46.     Pleading further, if such be necessary and in the alternative, legitimate, non-discriminatory, and non-retaliatory reasons existed for all actions affecting Bernal.

47.     Pleading further, if such be necessary and in the alternative, Plaintiffs' claims are barred in whole or in part by statutory and administrative limitations.

48.     Pleading further, if such be necessary and in the alternative, Defendant's actions were reasonable and proper under the laws of the State of Texas and the United States.

49.     Pleading further, if such be necessary and in the alternative, the Defendant invokes the doctrines of waiver, estoppel and laches.

50.     Pleading further, if such be necessary and in the alternative, the Defendant invokes Chapter 33 of the Texas Civil Practice and Remedies Code which requires the determination of proportionate responsibility.

51.     Pleading further, if such be necessary and in the alternative, Plaintiff Quintana and Bernal are guilty of contributory negligence.

52.     Pleading further, if such be necessary and in the alternative, Plaintiffs' derivative claims are subject to defenses as a result of Bernal's actions.

53.     Pleading further, if such be necessary and in the alternative, Plaintiffs cannot recover because the alleged harm was the result of an unavoidable accident, the result of a new and independent cause and/or the result of another, independent action that was the sole proximate cause of the harm.

54.    Pleading further, if such be necessary and in the alternative, Plaintiffs fees are not reasonable, necessary or recoverable under 42 U.S.C. § 1988(b).

### III.
### ATTORNEYS' FEES

55.    To the extent such a request does not waive any defense or immunity, and only to such extent, pursuant to 42 U.S.C. 1988 Defendant is entitled to his reasonable attorneys' fees and expert fees.

### IV.
### CONCLUSION

The Defendant requests that this Court deny all Plaintiffs' claims and that Plaintiffs recover nothing by this suit.

Respectfully submitted,

By:    _/s/ Aaron M. Dorfner_
**Aaron M. Dorfner**
State Bar No. 24040824
adorfner@cbtd.com

OF

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on the 8th day of April, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys, I will also send the foregoing by emailing to opposing counsel:

        James Leech
        Cesar Ornelas Law, PLLC
        14607 San Pedro Ave., Suite 200
        San Antonio, Texas 78232
        jleech@oinjurylaw.com

                             */s/ Aaron M. Dorfner*
                             Aaron M. Dorfner